# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DANIEL RICHARD HALL, III, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. 1:24-cv-272 |
| LT. COLE, TREY DUNN, SULLIVAN COUNTY PUBLIC DEFENDER'S OFFICE, and M. KAREN FORGETY, | ) Judge Curtis L. Collier |
| *Defendants*. | ) |

## MEMORANDUM & ORDER

Plaintiff, a Sullivan County Detention Center inmate, filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting that the Sullivan County Detention Center did not give him the correct number of presentence credit days (Doc. 1), a motion for leave to proceed *in forma pauperis* (Doc. 5), and his inmate trust account certificate (Doc. 8). The Court will address Plaintiff's motion (Doc. 5) before screening the complaint (Doc. 1).

**I.   MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from his motion for leave to proceed *in forma pauperis* (Doc. 5) and inmate trust account certificate (Doc. 8) that Plaintiff cannot pay the filing fee in one lump sum, this motion (Doc. 5) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-

month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## II. COMPLAINT SCREENING

### A. Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under (28 U.S.C. §§ 1915(e)(2)(B) and 1915A) because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Also, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts

liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B. Allegations

Plaintiff states that the jail has given him only eighty-three days of presentence credits, but his lawyer told him that he should have one-hundred ~~and~~ forty-four days of presentence credits. (Doc. 1 at 3–4.) Accordingly, Plaintiff claims that his release date of August 31, 2024, is incorrect, but the jail will not fix it despite Plaintiff's requests. (*Id.* at 4.) Plaintiff has sued Lt. Cole, Trey Dunn, M. Karen Forgety, and the Sullivan County Public Defender's Office. (*Id.* at 1, 3.) As relief, Plaintiff requests that the jail recalculate his sentence credits so that his release date will be correct. (*Id.* at 5.)

### C. Analysis

The complaint fails to state a claim upon which relief may be granted under § 1983. Specifically, as Plaintiff seeks recalculation of his sentence credit days so that he will receive earlier release from jail, he must pursue such relief under 28 U.S.C. § 2254, rather than § 1983. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (providing that the "sole federal remedy" for a prisoner seeking an immediate or speedier release from custody is a writ of habeas corpus). Accordingly, this action will be **DISMISSED without prejudice**.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**